**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **3:13-CR-0172** |
| **BRIAN HEWSON,** | : | **(JUDGE MANNION)** |
| Defendant | : | |

**M E M O R A N D U M**

Pending before the court is the defendant's *pro se* motion for modification of sentence pursuant 18 U.S.C. §3582(c)(2) seeking to reduce his 70-month sentence for bank fraud based on United States Sentencing Guidelines Manual Amendment 791 which revised §2B1.1 and went into effect after his sentence. The defendant contends that the amendment would reduce his offense levels under the Guidelines by two levels. Upon the court's review of the record in this case, the defendant's motion, (Doc. 45), as well as the Government's response, (Doc. 49), the defendant's motion is **DENIED**. Defendant's request to appoint "federal defense counsel" is also **DENIED**.

**I.     BACKGROUND**

On August 23, 2013, an Information was filed against Brian Hewson, ("the defendant"), charging him with bank fraud in violation 18 U.S.C. §1344 (Count 1) and aiding and abetting the preparation of a false federal income tax return in violation of 26 U.S.C. §7206(2) (Count 2). (Doc. 1).

On September 4, 2013, the defendant pleaded guilty to both charges in the Information. (Doc. 10). On July 10, 2014, the defendant was sentenced

to 70 months in prison on the bank fraud charge and 36 months in prison on the income tax charge, to run concurrently, followed by three years of supervised release. (Doc. 41). The defendant did not file an appeal regarding his judgment of conviction or his sentence. The defendant is currently serving his sentence at the Federal Prison Camp Pensacola, Florida.

On October 21, 2016, the defendant filed a one-page motion under 18 U.S.C. §3582(c)(2) to reduce his sentence pursuant to United States Sentencing Guidelines Manual Amendment 791.[1] (Doc. 45). In his instant motion, the defendant requests the court to reduce his sentence based on the stated amendment to the Guidelines regarding the loss amounts which took effect after his sentencing. The defendant is proceeding *pro se* but he requests the appointment of counsel with respect to his motion. After being granted an extension of time, the Government filed its brief in opposition to the defendant's motion. (Doc. 49). The defendant did not file any brief and the time within which he could do so has expired.

## II. DISCUSSION

The defendant contends that "based on the Guideline range under which he was sentenced, and the subsequent reduction and modification of this loss amount by the U.S. Sentencing Commission which took place shortly after his

---

[1] Initially, the clerk of court incorrectly docketed the defendant's motion as one under 28 U.S.C. §2255 but the court had the docket corrected to reflect the motion was under 18 U.S.C. §3582(c)(2).

sentencing", he is entitled to "a two point reduction that would have significantly lowered his sentence under the terms of the new guidelines as well as based on the sentencing factors which are enumerated in 18 U.S.C. §3553(a)." (Doc. 45).

In response to the defendant's motion, the Government states:

> Guidelines 2B1.1 is the guideline that established the defendant's advisory sentencing range as a result of his conviction on the bank fraud charge. PSR ¶¶ 26-31. Under that guideline, the defendant's base offense level at the time of his sentencing was 7 and 14 levels were added to the base offense level as the result of a loss of $429,000. PSR ¶¶ 26-27. The defendant also received a two-level upward adjustment since he knew or should have known that one of his victims was a vulnerable victim. PSR ¶ 28. Based on the total offense level of 23 and a Criminal History Category of IV, the defendant's advisory sentencing range was calculated as 70-87 months' imprisonment. PSR ¶ 77. (Doc. 49 at 2-3)

There is no dispute that Section 2B1.1 of the United States Sentencing Commission Guidelines (the "Guidelines") was amended after the defendant's sentencing. Specifically, Amendment 791, which went into effect on November 1, 2015, provides that an upward adjustment of 12 levels should be added to the base offense level for a loss of more than $250,000 but less than $550,000. *See* U.S. Sentencing Guidelines Manual Amendment 791, Supplement to App. C. In U.S. v. Egwuekwe, —Fed.Appx.—, 2016 WL 4928626, *1 n. 1 (3d Cir. Sept. 16, 2016), the Third Circuit noted that Amendment 791 as well as 792 revised §2B1.1 regarding economic crimes.

As indicated, 14 levels were added to the defendant's base offense level when he was sentenced since the loss amount was $429,000 and §2B1.1 of

the Guidelines, at the time of his sentence, provided that a loss of more than $400,000 but less than $1,000,000 resulted in an upward adjustment of 14 levels. PSR ¶ 27. As such, the defendant now seeks retroactive application of Amendment 791 to his sentence to render his loss adjustment two levels lower, i.e., from 14 to 12, and to reduce his prison sentence.

In U.S. v. Gibbs, 647 Fed.Appx. 133, 135 (3d Cir. 2016), the Third Circuit stated:

> Generally, a district court cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to §3582(c). Section 3582(c)(2) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission;" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A reduction in sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B). The Guidelines also provide specific instructions for a court when determining whether a sentence reduction is warranted. §1B1.10(b)(1). Section 1B1.10(b)(1) instructs that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[ ] ... had been in effect at the time the defendant was sentenced[,] ... substituting only the amendment [ ] ... for the corresponding guideline provision[ ] that [was] applied" but "leav[ing] all other guideline application decisions unaffected." Id.; *see also* Lindsey, 556 F.3d at 243.

*See also* U.S. v. Rush, 645 Fed.Appx. 166 (3d Cir. 2016). Also, "[t]he relevant policy statement permits a reduction only on the basis of amendments that are made retroactive in U.S.S.G. §1B1.10(d)." Egwuekwe, —Fed.Appx.—, 2016 WL 4928626, *1(citations omitted).

4

In this case, if the two-level reduction under Amendment 791 is applied, the defendant's loss adjustment would be reduced to 12. (Doc. 49 at 3). His criminal history category remains as IV. However, the defendant does not cite to any case in which a court in the Third Circuit considering a motion under 18 U.S.C. §3582(c)(2) retroactively applied Amendment 791 to a sentence. In fact, the Third Circuit recently considered in *Egwuekwe* whether the defendant, who received a 46-month prison sentence for mail fraud in violation of 18 U.S.C. §1341, was entitled to have his sentence reduced based on Amendments 790, 791 and 792 which went into effect after his sentencing. The District Court in the Middle District of Pennsylvania held that the amendments did not apply retroactively and denied Egwuekwe's §3582(c)(2) motion.

On appeal, the Third Circuit stated that "Egwuekwe fails to meet §3582(c)(2)'s second requirement, as the Sentencing Commission has not listed the Amendments 790, 791, or 792 in U.S.S.G. §1B1.10(d) as amendments that apply retroactively." (citing U.S.S.G. §1B1.10(d)). The Third Circuit affirmed the district court's order denying Egwuekwe's motion on that basis. 2016 WL 4928626, *1.

As the Government points out, (Doc. 49 at 4), Amendment 791 is not one of the guidelines amendments which is listed in §1B1.10(d) as applying retroactively and thus, "there is no authority for the Court to reduce the defendant's sentence." Since defendant Hewson fails to meet §3582(c)(2)'s

second requirement, his motion will be denied. Also, his request to appoint counsel will be denied.

Based on the record and the filings of the parties, the court finds in its discretion that it can decide the defendant's instant motion without the necessity of a hearing. *See* United States v. Styer, 573 F.3d at 154 ("How a court decides to consider a §3582(c)(2) motion is a matter of discretion.") (citation omitted); U.S. v. Javier, 338 Fed.Appx. 266 (3d Cir. 2009).

### III. CONCLUSION

Accordingly, defendant Hewson's motion for modification of sentence pursuant 18 U.S.C. §3582(c)(2), based on United States Sentencing Guidelines Manual Amendment 791, (Doc. 45), is **DENIED**. Defendant's Hewson 70-month sentence shall remain in effect.

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**Date: February 14, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2013 CRIMINAL MEMORANDA\13-0172-01.wpd